IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Civil Action No. 1:25-cv-00227-JB-C |
| **MATTHEW ROWE,** | |
| Defendant. | |

**OPINION AND ORDER GRANTING**
**THE UNITED STATES' APPLICATION FOR WRIT OF REPLEVIN**

This matter is before the Court on Plaintiff's, the United States of America through the United States Department of the Navy (Navy), Application for Writ of Replevin. [Doc.10, PageID.178-191]. Upon due consideration of the parties filings, oral arguments, and for the reasons stated on the record at the hearing and all of those in the United States' briefing—including the United States Application for Writ of Replevin [Doc.10, PageID.178-191]; the DoD Property Inventory [Doc. 8-1, PageID.56-61]; the excerpts and redacted versions of the New Construction contract (the Contract) [Doc. 8-2, PageID.62-74], the Contract amendment or modification (the Mod) [Doc. 8-3, PageID.75-76]; the Move Tickets [Doc. 8-4, PageID.77-104]; the Commercial Bill of Lading [Doc. 9-1, PageID.107-111]; the Packing List with Handwritten Notes [Doc. 9-2, PageID.112-113]; David Beatty's Declaration [Doc. 9-3, PageID.114-116]; Lorenzo Solomon's Affidavit [Doc. 9-4, PageID.135-139]; and, the United States Reply in Support of its Application for Writ of Replevin [Doc. 13, PageID.209-217]—the Court finds that the United States' Application for Writ of Replevin is due to be GRANTED, and issues this Order for a Writ of Replevin, as follows:

**Procedural and Factual Background**

The United States filed an Amended Complaint (the Complaint) against Mr. Rowe seeking declaratory judgment, return of the DoD Property, replevin, conversion and damages. [Doc. 8, PageID.49-58]. The United States' Complaint alleges that Mr. Rowe unlawfully possesses the DoD Property.

The United States supports this assertion with the June 3, 2013, multi-year procurement contract (the Contract) with Huntington Ingalls, Inc. (HII) for the construction and delivery of five Arleigh Burke-class (DDG-51) guided missile destroyers including a U.S. Navy warship, the Destroyer, USS JACK H. LUCAS (DDG-125) (the warship). [Doc. 9-3, PageID.114 ¶ 2]; [Doc. 8-2, PageID.62-74]; and [Doc. 8, PageID.50-52, ¶¶ 8-11]. As well as, the 2017 modification to the Contract (the Mod.). Also, with the standard boilerplate language found in Federal Acquisition Regulation (FAR) 52.232-16(d), showing title vested in the Navy, either immediately on the Contract date or when "the property is or should have been allocable or properly chargeable to [the] contract." [Doc. 8-2, PageID.71]; and [Doc. 9-3, PageID.115, ¶¶ 9-10].[1] Likewise, Clause H-12 of the Contract provides that title vested on delivery to the Contractor. [Doc. 8-2, PageID.65-66]; and [Doc. 9-3, PageID.115-116, ¶ 11].

In accordance with the Contract, HII delivered possession of the warship to the Navy on June 27, 2023. [Doc. 9-3, PageID.114, ¶ 3] and [Doc. 8-3, PageID.75-76]. The Navy accepted the warship and Ingalls Shipbuilding (Ingalls),[2] continued to provide out fitted materials, as HII completed it. [Doc. 9-3, PageID.114-115, ¶ 4] and [Doc. 8-3, PageID.75-76]. In March 2024, HII transferred custody and possession of outfitted materials, including the DoD Property, to the Navy

---

[1] The FAR clauses that are incorporated into the Contract are publicly available at Acquisition.Gov, [https://www.acquisition.gov/browse/index/far] (last visited July 21, 2025).

[2] Ingalls Shipbuilding is a division of HII.

as evidenced by the Move Tickets. *See* [Doc. 8-4, PageID.77-104]; *see also* [Doc. 9-4, PageID.138, ¶ 17]; *and* [Doc. 9-3, PageID.144-164. ¶ 13.]. Title to the DoD Property was vested in the United States. *See* [Doc. 9-3, PageID.116, ¶ 12]; *see also* [Doc. 8-2, PageID.62-74]; and, [Doc. 8-3, PageID.75-76]. The DoD Property consists of spare parts for the maintenance and sustainment of the warship. [Doc. 9-4, PageID.137, ¶ 9].

The Navy contracted for a private Transportation Service Provider (the Transportation Contractor) to ship the DoD Property from the Ingalls' warehouse in Pascagoula, Mississippi to a Defense Logistics Agency distribution center in San Diego, California. [Doc. 9-4, PageID.136, ¶ 4]. The Transportation Contractor did not deliver the DoD Property to its intended destination. [Doc. 9-4, PageID.136-137, ¶ 6]. Instead, Mr. Rowe purchased a shipping container from Quick Delivery Services (QDS) in Pensacola, Florida in July 2024, that contained the DoD Property. [Doc. 6, PageID.22-23]. Mr. Rowe claims that he purchased the property from QDS without any indication that it belonged to the United States. [Doc. 12, PageID.194-195].

Mr Rowe also claims that he later discovered the DoD Property may be military related; therefore, he contacted the Naval Criminal Investigative Service (NCIS) and allowed Navy personnel to inspect it. [Doc. 12, PageID.194-195]. Navy personnel inventoried the DoD Property in Rowe's possession in Theodore, Alabama. [Doc. 9-4, PageID.136-137, ¶ 5 and ¶ 8]. During that inventory visit, Navy personnel inspected the DoD Property that Mr. Rowe is storing in an outdoor shipping container and confirmed the exact items in his possession. [Doc. 9-4, PageID.138-139, ¶¶ 12-13] and [Doc. 9-2, Page ID.111-112].

Prior to this litigation, the United States, through counsel, asked Mr. Rowe to return the property. After Mr. Rowe's refusal, the United States filed its Complaint and subsequently filed it's Application for Writ of Replevin. Both parties briefed the Replevin issue and the Court heard

oral arguments. During the August 11, 2025 hearing, counsel for Mr. Rowe conceded that he does not contest the United States title over or interest in the DoD Property.

## Application for Writ of Replevin Legal Standard

At the beginning of a case "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction for the potential judgment." Fed. R. Civ. P. 64 (a). Replevin is an express prejudgment remedy. Fed. R. Civ. P. 64 (b). An application for writ of replevin "is, in general, an action in which the owner, or a person who has a general or special interest in some personality either taken or detained by another, seeks to recover possession in specie, and, occasionally, the recovery of damages as an incident of the proceedings." *United States v. Navarro*, 664 F. Supp. 3d 48, 60 (D.D.C. 2023), aff'd, No. 23-5062, 2024 WL 1364354 (D.C. Cir. Apr. 1, 2024), *cert. denied*, 145 S. Ct. 988, 220 L. Ed. 2d 364 (2024); quoting Replevin, 7 American Law of Torts § 24:17 (West 2022). Federal law provides "that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 436, 94 S. Ct. 1113, 1123, fn 10, 39 L. Ed. 2d 435 (1974); *citing* Fed. R. Civ. P.64.

Alabama law provides "that there can be no seizure of property through judicial process prior to the entry of judgment other than by a judicial officer acting pursuant to the procedure set forth in paragraph (b)[.]" Ala. R. Civ. P. 64(a). Moreover, Paragraph (b), specifically sets out "the procedure on application for such a pre-judgment seizure" which requires the plaintiff to submit a verified affidavit that provides the following:

    (A) Description of Property. A description of the claimed property that is sufficient to identify the property and its location.

(B) Statement of Title or Right. A statement that the plaintiff is the owner of the claimed property or is entitled to possession of it, describing the source of such title or right and, if the plaintiff's interest in such property is based on a written instrument, a copy of said instrument must be attached to the affidavit.

(C) Statement of Wrongful Detention. A statement of specific facts which show that the property is wrongfully detained by the defendant and a statement of the cause of such detention according to the best knowledge, information and belief of the plaintiff.

(D) Statement of Risk of Injury. A statement of specific facts in support of the contention, if any, that there is risk of concealment, transfer or other disposition of or damage to the property to the injury of the plaintiff.

Ala. R. Civ. P. 64(b)(1). Once these requirements are met the court shall—without delay—examine the application and may make a preliminary finding for the plaintiff, if it "finds that the risk of concealment, transfer or other disposition of or damage to the property" is real. Ala. R. Civ. P. 64(b)(2)(A) and (B). However, if the court does not preliminarily find for the plaintiff, it shall order a hearing "at the earliest practical time" serving notice on the defendant. Ala. R. Civ. P. 64(b)(2)(C).

**Analysis**

The Court GRANTS the United States Application for Writ of Replevin pursuant to Fed R. Civ. P. 64 and Ala. R. Civ. P. 64. The Court ORDERS Rowe to allow the United States access to and possession over to the DoD Property. The Court concludes that Mr. Rowe acknowledged that he does not dispute the United States' title to the DoD Property. The Court finds that the United States has met the Ala. R. Civ. P. 64(b)(1) procedural requirements through the sworn statements in David Beatty's declaration [Doc. 9-3, PageID.114-116], and Lorenzo Solomon's affidavit [Doc.9-4, PageID.135-139].

The Court finds, as a matter of fact, that the United States has supported it's Application with a property description. [Doc. 8-1, PageID.59-61]. By showing the United States ownership

of the DoD Property, and specific facts showing Mr. Rowe is wrongfully detaining the DoD Property. [Doc. 8-2, PageID.62-74], [Doc. 8-3, PageID.75-76], [Doc. 8-4, PageID.77-104], and [Doc. 9-1, Page ID.107-111]. Therefore, the Court finds that the United States is entitled to prejudgment replevin because there is a real risk of damage, transfer or other disposition posed by Mr. Rowe's continued possession of the DoD Property, as follows:

**(A)    A preliminary writ of replevin is appropriate because the United States has met the Ala. R. Civ. P. 64(b)(1)(A) requirements.**

The Court finds that the Defendant, Matthew Rowe (Rowe) did not dispute the United States' property description as supported by the DoD Property Inventory. [Doc. 8-1, PageID.59-61]. Accordingly, the United States meets the Ala. R. Civ. P. procedural requirements because it has provided this Court with an undisputed supported property description that is "sufficient to identify the property and its location." Ala. R. Civ. P. 64 (b)(1)(A).

**(B)    A preliminary writ of replevin is appropriate because the United States has met the Ala. R. Civ. P. 64(b)(1)(B) requirements.**

During the August 11 hearing, counsel for Rowe conceded that Rowe does not dispute the United States title over or interest in the DoD Property. Moreover, Rowe has failed to make a supported showing that the United States has taken explicit acts to transfer ownership of the DoD Property. In contrast, the United States supported its statement of title over or right to the DoD Property with the Contract [Doc. 8-2, PageID.62-74], the Contract Mod [Doc. 8-3, PageID.75-76], the Move Tickets [Doc. 8-4, PageID.77-104], the Commercial Bill of Lading [Doc. 9-1, Page ID.107-111], David Beatty's Declaration [Doc. 9-3, PageID.114-116], and Lorenzo Solomon's Affidavit [Doc. 9-4, PageID.135-139].

As such, the Court finds that Rowe does not have a right to possession of, or title over, the DoD Property. *See* 10 U.S.C.A. § 2790(b) (if government property has been improperly disposed

of "the person holding [it] has no right or title to, or interest in, the property."); *see also European Auto Repair, Inc. v. Prestige Auto Sales, LLC*, No. 231202241, 2024 WL 5366210, at *9 (Pa.Com.Pl. Oct. 29, 2024) (if "military property has been disposed of in violation of § 2790(a), the person holding the property has no right or title to, or interest in, the property"). Accordingly, the United States meets the Ala. R. Civ. P. 64 (b)(B) procedural requirements through its statement that "describe[s] the source of such title or right" supported by Lorenzo Solomon's affidavit, David Beatty's Declaration, the Move Tickets, and the Contract excerpts. Ala. R. Civ. P. 64 (b)(1)(B).

**(C)  A preliminary writ of replevin is appropriate because the United States has met the Ala. R. Civ. P. 64(b)(1)(C) requirements.**

The Court finds that the Mr. Rowe did not adequately dispute the United States' statement of wrongful detention. [Doc. 12, PageID.203]. Rowe asserts that he "lawfully" acquired [the DoD Property] through a commercial auction in July 2024. [Doc. 12, PageID.193]. However, he fails to support that assertion with any documentation or otherwise admissible evidence. As such, the Court finds that Rowe's unsupported and conclusory good faith and bona fide purchaser allegations [Doc. 12, PageID.193, 200-201], do not dispute the United States' statement of wrongful detention. *James v. City of Montgomery*, 823 F. App'x 728, 731 (11th Cir. 2020) ("Conclusory allegations have no probative value unless supported by specific facts."). Accordingly, this Court finds that the United States has provided an undisputed supported statement of the specific facts regarding Rowe's wrongful detention of the DoD Property. Ala. R. Civ. P. 64 (b)(C).

**(D)** **A preliminary writ of replevin is appropriate because the United States has met the Ala. R. Civ. P. 64(b)(1)(D) requirements.**

The Court finds that there is a real risk of injury because some of to the DoD Property should be stored in a temperature-controlled environment. [Doc. 9-4, PageID.137, 139, ¶¶ 10-11, 20]. Further, Rowe's continued possession of the DoD Property risks that he may "conceal[], transfer or other[wise] dispos[e] of" it. Ala. R. Civ. P. 64 (b)(1)(D). Accordingly, the United States has provided a supported statement of the specific facts regarding Rowe's wrongful detention of the DoD Property. *Id*.

This Court holds that the United States meets the Ala. R. Civ. P. 64 (b)(1)(A)-(D) requirements. The Court has examined the United States' application and finds that the risk of transfer or damage to the DoD Property is real. Ala. R. Civ. P. 64(b)(2)(B). This Court's decision is supported by *United States v. Willingham Salvage, Inc.*, where the Northern District of Alabama applied both Fed. R. Civ. P. 64 and Ala. R. Civ. P. 64 to GRANT the government's request for pre-judgment writ of seizure over a field gun that the defendant's had in their possession for almost 70 years. No. 5:20-CV-00332-CLS, 2020 WL 4039013, at *5 (N.D. Ala. July 17, 2020). That court found prejudgment seizure appropriate because the defendants could not show authorized government acts that granted them ownership of the field gun, and could not rely on a theory of laches, adverse possession, or abandonment to assert legal title to it. *Id*. Also, by *United States v. Steinmetz*, where the Third Circuit upheld a district court's decision finding that a bell from a sunken Confederate vessel, lost for over 100 years, remained United States property "because no congressionally authorized person formally abandoned [it]." 973 F.2d 212, 216 (3d Cir. 1992); s*ee also United States v. Mar. Exch. Museum*, 303 F. Supp. 3d 546, 550 (E.D. Mich. 2018) (quoting *United States v. Steinmetz*, 973 F.2d 212 (3d Cir. 1992) ("[T]he United States cannot abandon its own property except by explicit acts.")).

The Court finds that like the defendants in *Willingham Salvage* and *Steinmetz*, Mr. Rowe has not shown authorized government acts that granted him ownership of the DoD Property. The Court does not rule on whether Rowe can produce evidence in support of his good faith purchaser, potential damages or on his other legal arguments that were not addressed by the parties briefing on the United States Application for Writ of Replevin. Accordingly, the Court grants only the United States Application for Writ of Replevin. However, since Rowe has conceded that he does not contest the United States' title over the DoD Property, the Court does expressly find that the DoD Property is United States' property.

**Order and Writ of Replevin**

WHEREFORE, the Court GRANTS the United States Application for Writ of Replevin, issues a WRIT OF REPLEVIN, and ORDERS as follows:

1. Rowe shall allow the United States unrestricted access to all Navy and Department of Defense Property (the DoD Property) currently in his possession as indicated in the DoD Property Inventory [Doc. 8-1, PageID.59-61], and the Navy's Packing List. [Doc. 9-2, PageID.112-113].

2. By agreement of the parties, the United States shall seize the DoD Property and deliver it to the Navy either on **August 21 at 11:00 p.m., or August 28 at 1:00 p.m.**

3. The United States Marshals shall accompany the parties to 6645 Nan Gray Davis Road, Theodore, Alabama, 36582, to facilitate the Navy's seizure of the DoD Property.

4. Counsel for the United States shall contact the United States Marshals to inform them what date the seizure will occur.

5.      Counsel for the parties shall also be present during the Navy's seizure and shall communicate with each other and the Marshals regarding any remaining logistics or other questions, if any, related to the Navy's seizure of the DoD Property.

6.      Rowe is not required to be present during the Navy's seizure but may be present.

7.      Navy personnel and Rowe shall not interact or communicate.

8.      Navy personnel are not required to inventory the DoD Property at Rowe's property and may inventory the DoD Property at another location. However, Navy personnel may inventory the DoD Property at Rowe's property if an on-site inventory is necessary.

9.      If the United States disputes that Rowe has provides it access to all of the DoD Property, then the United States shall provide a verified inventory of the DoD Property to Rowe's attorney within one month from the date of seizure, specifying the nature of that dispute.

DONE and ORDERED this 18th day of August 2025.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE